*Fantastic Indus., Inc. v. Kryman*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand twenty-two.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

_____

FANTASTIC INDUSTRIES, INC.,

> *Plaintiff-Appellee*,

v.                                                                          No. 21-1919

JACOB KRYMAN and KCH CORPORATION,

> *Defendants-Appellants*.[*]

_____

_____

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**FOR DEFENDANTS-APPELLANTS:**    JONATHAN L. ADLER (Jacob Lewin, *on the brief*), Stein Adler Dabah Zelkowitz LLP, New York, NY.

**FOR PLAINTIFF-APPELLEE:**    GORDON E.R. TROY, Gordon E.R. Troy, P.C., West Windsor, VT.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Edward R. Korman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-Appellants Jacob Kryman and KCH Corporation (collectively, "Kryman") appeal from the district court's judgment granting the motion of Plaintiff-Appellee Fantastic Industries, Inc. ("Fantastic") to compel arbitration under the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 *et seq.* As asserted in the complaint, Kryman had worked as the sales manager for Fantastic – a business owned by his uncle, Shimshon Jalas – until he was fired in 2011, allegedly for selling goods to Fantastic's customers for his own financial gain. After terminating Kryman, Fantastic discovered that he had also applied for and

2

obtained trademark registrations that purportedly belonged to Fantastic, spawning litigation in New York state court and before the United States Patent and Trademark Office ("USPTO"). In 2012, Kryman and Jalas – both members of a close-knit Hasidic community – agreed to discontinue all litigation and instead arbitrate before a rabbinical tribunal known as a *beth din*. Although the dispute remained in abeyance for the next several years, Jalas eventually served a summons on Kryman to appear before a *beth din* in 2017. When Kryman failed to appear, Jalas served two more summonses and threatened Kryman with a *seruv* – a rabbinical contempt order that entails ostracism from the Hasidic community.

Kryman ultimately agreed to appear before a *beth din* named *Mechon L'Hoyroa* ("Mechon"). And to that end, the parties signed a standard arbitration agreement, in which they agreed to "settle all [their] controversies (including all [their] claims and counter claims)" before Mechon (the "Arbitration Agreement"). J. App'x at 44. A handwritten provision included at the bottom of the Arbitration Agreement specifies that "[a]t the first hearing[,] it will be determined whether the parties are obligated to bring their dispute for litigation in accordance with the Law of the Torah." *Id*.

The parties appeared before Mechon twice to arbitrate but to no avail. The parties then attempted arbitration before a *zabla* panel, through a special procedure that permitted the parties to constitute an ad hoc *beth din* by each selecting one arbitrator who then – together – would appoint the third arbitrator. The arbitration nevertheless stalled. When Kryman moved to reopen the USPTO proceeding shortly thereafter, Fantastic brought this case in the district court to compel arbitration under the Arbitration Agreement and the FAA. The district court granted Fantastic's motion, finding that the parties had agreed to arbitrate and that the Arbitration Agreement applied to the parties' dispute.

On appeal, Kryman argues, among other things, that the district court erred by (1) ignoring the handwritten provision in the Arbitration Agreement, (2) failing to resolve ambiguities in the Arbitration Agreement with extrinsic evidence, and (3) enforcing the Arbitration Agreement notwithstanding the parties' alleged oral modification, which according to Kryman rendered it unenforceable.

We review "whether parties have contractually bound themselves to arbitrate" de novo and "factual findings upon which that conclusion is based" for clear error. *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 72–73 (2d Cir. 2017). "[O]n the antecedent question of whether the parties actually agreed to arbitration," we

4

apply "the law of the state at issue (which, as the parties here agree, is that of New York)." *Barrows v. Brinker Rest. Corp.*, —— F.4th ——, No. 21-606-cv, 2022 WL 1739560, at *4 (2d Cir. May 31, 2022). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

*First*, the district court did not "ignor[e]" the handwritten provision in the Arbitration Agreement. Kryman's Br. at 14 (capitalization omitted). Instead, the district court reviewed that provision against the rest of the Arbitration Agreement and found no conflict. We agree. The printed provision with which Kryman takes issue states that the parties shall "settle all [their] controversies" before Mechon. J. App'x at 44. The handwritten provision states that "*[a]t the first hearing*[,] it will be determined whether the parties are obligated to bring their dispute for litigation in accordance with the Law of the Torah." *Id.* (emphasis added). Kryman claims that the handwritten provision limits the otherwise broad scope of issues submitted for arbitration. But the handwritten provision only stipulates a threshold question for Mechon to answer at the first hearing. It says nothing of the scope of the entire arbitration, and nowhere suggests that the *beth din* proceeding had been limited to the issue of arbitrability alone. Kryman essentially asks us to read "[a]t the first hearing" out of the handwritten provision.

5

But he cites no authority permitting us to do so. *Cf. Consedine v. Portville Cent. Sch. Dist.*, 12 N.Y.3d 286, 293 (2009) ("Courts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing." (internal quotation marks omitted)).

*Second*, the district court correctly found that there is no ambiguity in the Arbitration Agreement and appropriately refrained from considering extrinsic evidence. Under New York law, "[e]xtrinsic or parol evidence is admissible only if a court finds an ambiguity in the contract." *Donohue v. Cuomo*, 38 N.Y.3d 1, 13 (2022) (internal quotation marks omitted). Ambiguity "arises when the contract, read as a whole, fails to disclose its purpose and the parties' intent, or when specific language is susceptible of two reasonable interpretations." *Id.* But when a contract "is complete, clear[,] and unambiguous on its face," it "must be enforced according to the plain meaning of its terms." *Id.*

Here, the Arbitration Agreement "is complete, clear[,] and unambiguous on its face." *Id.* Among other things, the Arbitration Agreement delineates the scope of arbitration, the procedures for the proceedings, the members of the arbitration panel, the powers of the panelists, and the rights of the parties.

6

*See* J. App'x at 44. Kryman contends that the Arbitration Agreement is nonetheless ambiguous because it "provides no information about the parties' specific claims at issue." Kryman's Br. at 19. But the Arbitration Agreement states plainly that the parties "have accepted . . . to settle *all [their] controversies* before" Mechon. J. App'x at 44 (emphasis added). To the extent that Kryman argues that the Arbitration Agreement is ambiguous because its reach is broad, the New York Court of Appeals has put that argument to rest. *See Meisels v. Uhr*, 79 N.Y.2d 526, 538 (1992) ("[W]e consider it appropriate to reaffirm that broad arbitration agreements are permissible. We have never required that arbitration agreements identify with specificity those disputes which are being submitted."). The district court therefore did not err in finding the Arbitration Agreement unambiguous and declining to consider extrinsic evidence to construe its terms.

*Third*, the district court properly enforced the Arbitration Agreement, notwithstanding Kryman's claim that Fantastic had abandoned it by oral modification. Kryman relies in large part on Fantastic's alleged admission in its pleadings that the parties "orally modified" the Arbitration Agreement after two appearances before Mechon. J. App'x at 11 ¶ 23. Kryman, however, takes the phrase "orally modified" out of context. In its pleadings, Fantastic admits that

7

"the parties orally modified the Arbitration Agreement by choosing a different panel to hear their disputes" – the *zabla* panel in lieu of Mechon. *Id.* But in the very next paragraph, Fantastic states that it "rejected[] a revised arbitration agreement that would replace the Arbitration Agreement that [Kryman] had already signed." *Id.* at 11 ¶ 24. When read in context, the alleged admission merely suggests that the parties chose to be heard by a different panel than the one they originally agreed to; it does not suggest that Fantastic had abandoned the Arbitration Agreement altogether. *See Bogoni v. Friedlander*, 610 N.Y.S.2d 511, 516 (1st Dep't 1994) ("[I]t should be abundantly clear that modification is not tantamount to rescission[.]").

We have considered Kryman's remaining arguments and find them to be without merit. Accordingly, the district court was correct to grant the motion to compel arbitration of all disputes between the parties before the parties' mutually constituted three-member arbitration panel, and we therefore **AFFIRM** its judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8